State vs. Burns.

No. 10,954.

THE STATE OF LOUISIANA VS. THOMAS BURNS.

The ordinances of the city of New Orleans, where no power is conferred for that purpose, can not enlarge the statutes of the State.

A city ordinance inconsistent with and in conflict with the general policy of the State is illegal, null and void.

That part of Sec. 1, Ordinance No. 5046, which authorizes the imposition of a fine upon the husband or wife for neglecting to aid and support the family, the party not being charged with habitual drunkenness, is illegal, null and void.

APPEAL from the First Recorder's Court of New Orleans. Bringier, J.

*E. A. O'Sullivan*, City Attorney, and *Henry Renshaw*, Assistant City Attorney, for Plaintiff and Appellee.

*Aug. Bernau* for Defendant and Appellant.

The opinion of the court was delivered by

McENERY, J. The defendant was prosecuted, convicted and fined before the Recorder's Court in the city of New Orleans, for violating Sec. 1 of Ordinance No. 5046, A. S. He appealed. Among the several grounds selected for attacking the ordinance it is alleged that it is *ultra vires*, illegal and unconstitutional.

The ordinance is intended to punish idle persons. It prescribes the conditions which shall constitute idleness.

Article 1 of said ordinance provides "that any person being able, wholly or in part, to maintain himself or herself or his or her family by work or other means and fails to do so * * * shall be deemed an idle or disorderly person."

The defendant's wife, upon whose testimony he was convicted, made an affidavit against her husband, as follows:

"That on the 21st day of December, 1891, at about 10 o'clock A. M., on Bolivar street, between Gravier and Perdido, in this district and city, one Thomas Burns did then and there violate Ordinance No. 5046, A. S., Sec. No. 1, in this to-wit, by failing to provide for his lawful wife and children."

The city attorney in an elaborate brief contends that the authority for the city to enact said ordinance is fully covered by the city

charter of 1870, under the power granted to the city by the Legislature to regulate and preserve the public peace and good order of the city and to provide for and maintain its cleanliness and health. There can be no doubt, as stated by the learned city attorney, that the city is interested that a husband and father may not permit his wife and children to be dependent upon public charity, and that being well provided for, this tends to promote the health of the city by inducing cleanliness, and prevents temptation to vice and crime. But the utmost latitude of construction could not vest in the city, under its charter, the power to regulate the domestic relations. There are certain moral and civil duties, the violation of which the State has not made a penal offence. Some matters of individual conduct are left to the individual conscience by the State, to which no penalty is attached for their violation. When they amount to civil duties means are provided by the legislative policy of the State for their enforcement.

The general policy of the State has made marriage a civil contract. To enforce the obligation resulting from it civil remedies are provided, to which the complaining party must resort for redress.

The Ordinance No. 5046, Sec. 1, or that part of it under which the defendant was convicted, is, therefore, inconsistent with and in conflict with the general policy of the State, as it has in its general laws regulated all the civil duties arising from the marriage contract, and has not authorized the city of New Orleans to make any change in relation thereto.    1 Dillon Municipal Corporation, Sec. 329.

The city has the power to punish idle persons or vagrants. But it must be done under the general law of the State, since the Legislature has enacted one on this subject and defined the limits of the city's power thereunder.

Sec. 3877, Revised Statutes, provides that " all idle persons who, not having visible means to maintain themselves, live without employment; all persons wandering abroad and lodging in groceries, levees, beer houses, market places, sheds, barns, uninhabited buildings, or in the open air, and not giving a good account of themselves; all persons wandering abroad and begging, or who go about from door to door, or place themselves in the streets, highways, passages, or other public places, to beg or receive alms; habitual drunkards who shall abandon, neglect, or refuse to aid in the sup-

port of their families and who may be complained of by their families shall be deemed vagrants.''

The city ordinance can not enlarge this statute. The laws of the State operate within the corporate limits of the city of New Orleans and upon its inhabitants as elsewhere in the State. The city has not been exempted from the effects of this general law. The city ordinances must conform to this statute, when punishing vagrancy, unless the vagrant is armed with picklock or other instrument, with the probable intention of committing a felony, when it must conform to Sec. 3883, R. S., and following sections.

It is not alleged that the defendant was an habitual drunkard who had abandoned his family or who refused to aid in their support. A subsequent clause in Sec. 1, Ordinance 5046, conforms to this requirement of legislative policy. But the first part of said section quoted above, under which defendant was convicted, is not embraced within the general statute of the State regulating vagrancy, and it is in conflict with the laws of the State relating to the marriage contract and it is, therefore, illegal, null and void.

It is therefore ordered, adjudged and decreed that the judgment appealed from be annulled, avoided and reversed, and the defendant discharged.